947 A.2d 653

BRIAN SCOTT OWENS, SR., AND SHANNON EILEEN OWENS, HUSBAND AND WIFE, AS INDIVIDUALS, AS GUARDIANS AD LITEM FOR THEIR MINOR CHILDREN, BRIAN SCOTT OWENS, JR., B. MONTANA OWENS AND LANE FINLEY OWENS, AS GENERAL ADMINISTRATORS OF THE ESTATE OF MATTHEW OWENS AND AS ADMINISTRATORS AD PROSEQUENDUM FOR THE ESTATE OF MATTHEW OWENS, DECEASED, PLAINTIFFS–RESPONDENTS, v. GERALD FEIGIN, M.D., DE-

FENDANT–APPELLANT, AND WILLIAM D. BOLLETINO, JR., WILLIAM D. BOLLETINO, SR., SUSAN D. BOLLETINO, THEO-DORE WOODSIDE, WOODSIDE FUNERAL HOME, HONDA CORPORATION, AND JOHN DOES 1 THROUGH 125, INCLU-SIVE, FICTITIOUS NAMED DEFENDANTS, JOINTLY, SEVER-ALLY, AND IN THE ALTERNATIVE, DEFENDANTS.

Argued March 25, 2008—Decided June 3, 2008.

*Mark R. Vespole* argued the cause for appellant (*Tressler, Soderstrom, Maloney & Priess,* attorneys; *Mr. Vespole* and *Kathleen Giles,* on the brief).

*Clifford L. Van Syoc* argued the cause for respondents (*Van Syoc Chartered,* attorneys).

*Karen L. Jordan,* Deputy Attorney General, argued the cause for *amicus curiae* Attorney General of New Jersey, (*Anne Milgram,* Attorney General, attorney; *Patrick DeAlmeida,* Assistant Attorney General, of counsel).

*Edward L. Barocas,* Legal Director, submitted a brief on behalf of *amicus curiae* American Civil Liberties Union of New Jersey.

PER CURIAM.

The sole question in this appeal is whether the notice-of-claim requirement in the New Jersey Tort Claims Act (TCA), *N.J.S.A.* 59:1–1 to 12–3, applies to a cause of action under New Jersey's Civil Rights Act (CRA), *N.J.S.A.* 10:6–1 to –2. The trial court originally dismissed plaintiffs' CRA claim for failure to satisfy the TCA's notice-of-claim requirement, but that decision was reversed on appeal. *Owens v. Feigin,* 394 *N.J.Super.* 85, 97, 925 *A.*2d 106 (2007). We granted certification to review the Appellate Division's determination. 192 *N.J.* 473, 932 *A.*2d 25 (2007). We find nothing in the CRA's language or legislative history that convincingly evidences that the Legislature meant to import the TCA's requirements for suit as necessary predicates for bringing a CRA claim. We hold, therefore, that the TCA's notice-of-claim requirement does not apply to CRA causes of action.

I.

Plaintiffs Brian Owens, Sr., and his wife, Shannon, filed a complaint on February 9, 2006, asserting claims arising out of the death of their thirteen-year-old son, Matthew.[1] Among the defendants named in the complaint was Dr. Gerald Feigin, the medical examiner for Salem County. The complaint alleged, among other things, that in the conducting of Matthew's autopsy, Feigin "deliberately violated plaintiffs' civil rights in violation of the Civil Rights Act of 2004."

Although plaintiffs had presented a timely notice of claim to other public entities and employees named as defendants in this litigation prior to filing the complaint,[2] plaintiffs did not serve a notice of claim on Feigin. Feigin therefore moved to dismiss plaintiffs' claims against him, asserting that all claims were barred because plaintiffs failed to satisfy the TCA's notice-of-claim requirement. Noting that the TCA mandates that a plaintiff file a notice of claim within ninety days of the accrual of the cause of action against a public entity or employee, *N.J.S.A.* 59:8-8, unless the claimant demonstrates good cause to justify a late filing, *N.J.S.A.* 59:8-9, the trial court dismissed all claims against Feigin, *N.J.S.A.* 59:8-3.

Plaintiffs filed a motion for leave to appeal the trial court's decision in respect of their CRA claim against Feigin. That motion was denied by an Appellate Division panel, but this Court subsequently granted the motion and summarily remanded the matter to the Appellate Division for consideration on the merits. 188 *N.J.* 344, 907 *A.2d* 1006 (2006). After argument, the Appellate Division reversed, holding that plaintiffs did not need to satisfy

---

[1] The Owenses stated claims individually, in their capacity as guardians ad litem for Matthew's siblings, and in their capacity as administrators of Matthew's estate.

[2] Those defendants are not pertinent to the resolution of this dispute. We recite here only those aspects of the facts and procedural history of this matter that concern the narrow issue before us.

the TCA's notice-of-claim requirement to bring a CRA claim. *Owens, supra,* 394 *N.J.Super.* at 97, 925 *A.*2d 106. We then granted this petition for certification. 192 *N.J.* 473, 932 *A.*2d 25 (2007).

## II.

■ In 2004, the Legislature adopted the CRA for the broad purpose of assuring a state law cause of action for violations of state and federal constitutional rights and to fill any gaps in state statutory anti-discrimination protection. *See L.* 2004, c. 143; *see also* S. Judiciary Comm., *Statement to Assemb. Bill No. 2073,* at 1 (May 6, 2004) (stating that "to protect and assure against deprivation of the free exercise of civil rights which are guaranteed and secured under the New Jersey Constitution and federal Constitution, this bill provides a remedy when one person interferes with the civil rights of another .... [and further] is intended to address potential gaps which may exist under [the New Jersey Law Against Discrimination (LAD) and bias crime statutory causes of action]"). *N.J.S.A.* 10:6–2(c) provides a remedy against private and public defendants for a person who demonstrates that he or she

> has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law.

Notably, the CRA's sole procedural component is found in *N.J.S.A.* 10:6–2(d), which states that CRA actions "may be filed in Superior Court," and directs a court to hold a jury trial "[u]pon application of any party." Otherwise, the CRA is facially silent about any other procedural requirement that a plaintiff must satisfy in order to bring a CRA cause of action.

The legislative history developed prior to enactment of the CRA also demonstrates that the Legislature's predominant focus was on creating the state law cause of action and on establishing the

substantive proofs necessary to maintain a CRA claim. The sponsors' statement, committee statements, and floor amendments to Assembly Bill No. 2073 are bereft of any express or implied expression of intent that the TCA's notice-of-claim requirement was envisioned to constitute a prerequisite to the maintenance of a CRA claim. *See Sponsors' Statement to Assemb. Bill No. 2073* (Feb. 9, 2004); Assemb. Judiciary Comm., *Statement to Assemb. Bill No. 2073* (Feb. 19, 2004); S. Judiciary Comm., *Statement to Assemb. Bill No. 2073* (May 6, 2004); *Statement to Assemb. Bill No. 2073* (June 24, 2004) (second reprint) (floor amendments proposed by Assemblyman Cohen).

That said, despite the lack of legislative evidence of intent on the subject, Feigin points to the statement issued by Governor McGreevey at the bill's signing as indicative of an intent that TCA requirements would apply to CRA claims.[3] In that brief statement, the Governor commented that the CRA "does not create any new substantive rights, override existing statutes of limitations, waive immunities or alter jurisdictional or procedural requirements ... that are otherwise applicable to the assertion of constitutional and statutory rights." Office of the Governor, Press Release at 1 (Sept. 10, 2004). We find that statement to be, at most, ambiguous on the precise issue presented. Plainly read, it states that whatever procedural requirements previously applied to statutory and constitutional claims shall apply to the vindication of such claims through the CRA. However, the mix of statutory and constitutional claims captured by the CRA makes ready identification of common procedural notice requirements difficult.

The CRA creates a statutory cause of action for damages against public defendants, and arguably could fall within the TCA's purview. *See Velez v. City of Jersey City,* 180 *N.J.* 284,

---

[3] In the hierarchy of legislative history, signing statements do not carry the interpretive force afforded to statements from the Legislature. *See Skeer v. EMK Motors, Inc.,* 187 *N.J.Super.* 465, 472, 455 A.2d 508 (App.Div.1982) (recognizing that signing statement "is not perhaps the most authoritative legislative history" but can provide some indication of legislative intent).

289, 292, 850 *A.*2d 1238 (2004) (recognizing that *N.J.S.A.* 59:1–2 purports to establish default limits of public entity liability and that "injury" as defined in *N.J.S.A.* 59:1–3 is "broad enough to encompass [harm arising] from intentional as well as negligent conduct"). However, no statutory cause of action subject to the TCA's procedural requirements has been brought to our attention. Indeed, in the few cases involving statutory claims against public entities where the TCA's requirements were in issue, those requirements were found inapplicable. *See Fuchilla v. Layman,* 109 *N.J.* 319, 337–38, 537 *A.*2d 652 (finding TCA's notice requirements inapplicable to LAD claims), *cert. denied,* 488 *U.S.* 826, 109 *S.Ct.* 75, 102 *L.Ed.*2d 51 (1988); *Brook v. April,* 294 *N.J.Super.* 90, 100, 682 *A.*2d 744 (App.Div.1996) (holding that TCA's requirements are inapplicable to claims brought under Workers' Compensation Law); *see also Brennan v. Norton,* 350 *F.*3d 399, 431–33 (3d Cir.2003) (predicting that our Court would not find TCA's notice requirements applicable to CEPA actions); *Lakes v. Brigantine,* 396 *N.J.Super.* 65, 69, 931 *A.*2d 622 (Law Div.2007) (concluding that TCA's notice requirements do not apply to CEPA actions). Furthermore, the CRA's purpose includes rectifying violations of constitutional rights, the protection of which has never depended on the satisfaction of the TCA's procedural and substantive requirements. *See Velez, supra,* 180 *N.J.* at 296, 850 *A.*2d 1238 (recognizing that state and federal constitutional rights supersede statutory limitations on actions); *see also Greenway Dev. Co. v. Borough of Paramus,* 163 *N.J.* 546, 557, 750 *A.*2d 764 (2000) (holding that TCA's notice requirement did not apply to inverse condemnation claim); *cf. Tice v. Cramer,* 133 *N.J.* 347, 375, 627 *A.*2d 1090 (1993) (concluding that public entity liability under 42 *U.S.C.A.* § 1983 may exist even when inconsistent with TCA's immunities to suit).

Given that stark field of case law universally rejecting the importation of the TCA's notice-of-claim requirement into other statutory claims, or for any constitutional claim, we think that the Legislature would have spoken expressly on the subject had it intended that the TCA's notice requirement serve as a prerequi-

site to a CRA cause of action. Instead, neither the plain language of *N.J.S.A.* 10:6–2 nor that statute's legislative history contains any indication of such intent by the Legislature. In light of the broad remedial purpose of the CRA, and absent any legislative expression to the contrary, we are unconvinced that the Legislature chose to condition the rectifying of an infringement on an individual's vital constitutional rights, or of injurious discriminatory conduct, on satisfaction of the TCA's notice-of-claim requirement. If we are incorrect in that conclusion, we are confident that the Legislature will clarify its intent through amendment.

We hold, in conclusion, that plaintiffs' CRA claim against Feigin was improperly dismissed.

## III.

The judgment of the Appellate Division is affirmed, as modified. The matter is remanded to the Law Division for further proceedings consistent with this opinion.

*For affirmance as Modification/Remandment*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE and HOENS—6.

*Opposed*—None.