**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1815-15T3

KEVIN JACKSON,

    Plaintiff-Appellant,

v.

GARY M. LANIGAN, Commissioner,
N.J. Dept. of Corrections,
Administrator of New Jersey State
Prison, SGT. C.L. SPIRES,
Correctional Officer of New
Jersey (N.J.S.P.), SCO RAMOS,
Correctional Officer of New Jersey
(N.J.S.P.), CHIEF ADMINISTRATIVE
Disciplinary Hearing Officer, For
New Jersey Dept. of Corrections,

    Defendants-Respondents.

_____

Submitted June 1, 2017 — Decided July 14, 2017

Before Judges Alvarez and Manahan.

On appeal from Superior Court of New Jersey,
Law Division, Cumberland County, Docket No.
L-256-14.

Kevin Jackson, appellant pro se.

Christopher S. Porrino, Attorney General,
attorney for respondents (Lisa A. Puglisi,
Assistant Attorney General, of counsel; Marvin
L. Freeman, Deputy Attorney General, on the
brief).

PER CURIAM

Kevin Jackson, an inmate in the custody of the Department of Corrections (DOC), appeals from an order dated December 4, 2015, granting a motion for summary judgment in favor of respondents and dismissing Jackson's complaint with prejudice.

While incarcerated at New Jersey State Prison in 2008, Senior Corrections Officers Spires and Ramos charged Jackson with violation of two disciplinary infractions. Jackson received notice of the charges and the incident was investigated within forty-eight hours. A hearing was conducted before a hearing officer from the DOC wherein Jackson received the assistance of a counsel substitute.[1] After administrative proceedings were conducted, it was determined that Jackson did not commit disciplinary infraction .402, being in an unauthorized area, but was found guilty of disciplinary infraction *.009,[2] misuse, possession, distribution, sale, or intent to distribute or sell an electronic communication device, in violation of N.J.A.C.

---

[1] "'Counsel substitute' means an individual, such as an inmate paralegal, teacher or social worker, who represents and defends an inmate at a disciplinary hearing proceeding that is conducted within a correctional facility under the jurisdiction of the [DOC]." N.J.A.C. 10A:1-2.2.

[2] "'Asterisk offense' means a prohibited act preceded by a number and an asterisk that is considered the most serious and results in the most severe sanction(s)." N.J.A.C. 10A:1-2.2.

10A:4-4.1. Jackson was sanctioned to administrative segregation. While in administrative segregation, Jackson was not permitted to have contact visits,[3] but was allowed to receive visitors through a window or via video conference.

As permitted by N.J.A.C. 10A:4-11.1, Jackson administratively appealed the charges to the prison administrator who upheld the decision of the hearing officer, constituting a final agency decision. Jackson appealed to this court. While the case was pending, DOC moved for a remand for further proceedings, which was granted.

Upon remand, a rehearing was conducted. At the hearing, Jackson was provided with the opportunity to cross-examine the same two witnesses he examined at the original hearing and submit written questions to the other seven witnesses. At the conclusion of the hearing, Jackson was again found not guilty of infraction .402, but guilty of the *.009 infraction. Jackson administratively appealed the decision, which was upheld by the prison administrator. An appeal to this court followed.

We reversed, finding the disciplinary charges were not adequately supported by competent evidence as required by N.J.A.C.

---

[3] "'Contact visit' means a visit between an inmate and a visitor where there is no barrier (such as a window or wall) between the inmate and visitor." N.J.A.C. 10A:1-2.2.

10A:4-9.15(a). <u>Jackson v. Dep't of Corr.</u>, No. A-1456-09 (App. Div. July 26, 2012). We ordered the infractions removed from Jackson's prison file and all sanctions expunged. <u>Id.</u> at 9. Subsequently, Jackson's contact visits were reinstated, his custody status was lowered, and he was transferred to South Woods State Prison.

Upon transfer, Jackson filed a civil complaint naming respondents as defendants averring that the disciplinary charges against him were false. The complaint contained eleven causes of action, including State Constitutional violations and claims under the Tort Claims Act (TCA) and <u>N.J.S.A.</u> 30:1B-6. In response, respondents filed a motion seeking dismissal of the complaint. The motion was granted by Judge Darrell M. Fineman in a comprehensive and well-reasoned written opinion.[4] This appeal followed.

On appeal, Jackson raises the following arguments:

POINT I

> THE PREMATURE GRANT OF SUMMARY JUDGMENT IN THE ABOVE-CAPTIONED [ ] MATTER MUST BE REVERSED AND REMANDED BACK WITH INSTRUCTION.

---

[4] Although unclear from the record, we presume that respondents filed a motion in lieu of a responsive pleading pursuant to <u>Rule</u> 4:6-2, which was then converted by the court to a motion for summary judgment.

### POINT II

SGT. SPIRES AND SCO RAMOS [DO] NOT HAVE ABSOLUTE IMMUNITY FROM THEIR KNOWINGLY[,] INTELLIGENTLY, AND DELIBERATE INTENTIONAL INDIFFERENCE ILLEGAL ACTION AND CONDUCT THAT [LED] TO THE FALSIFYING AND [FABRICATION] OF THE OFFICIAL STATE DOCUMENTS AGAINST/UPON APPELLANT.

### POINT III

APPELLANT SUBMIT[S] THERE'S MATERIAL AND GENUINE FACTUAL DISPUTE OF ELEMENTS THAT TRIGGERED THE CAUSE OF ACTION HEREIN.

### POINT IV

SGT. SPIRES AND SCO RAMOS['] ILLEGAL CONDUCT WAS COMMITTED AND TRIED TO BE COVERED UP, UNDER COLOR-OF-BADGE AND COLOR-OF-LAW, AS COLOR-OF-AUTHORITY.

### POINT V

THE COMITY RULE MUST APPLY IN THIS COURT CONTRARY TO THE LOWER COURT'S GRANT OF SUMMARY DISPOSITION.

### POINT VI

APPELLANT WAS DEPRIVED TO IMPEACH [RESPONDENTS] [] FURTHER WITH EVIDENCE CONTRARY TO N.J.S.A. 2A:84A-36, N.J.R.E. 609, TO CALL CRUCIAL AND IMPORTANT WITNESSES THAT WOULD HAVE REFUTED SGT. SPIRES AND SCO RAMOS['] INITIAL FABRICATED AND FRAUD[ULENT] ADMINISTRATIVE DISCIPLINARY CHARGES IN THE FIRST PLACE.

Having considered these arguments in light of the record and controlling principles of law, we affirm for the reasons stated in Judge Fineman's opinion. We add only the following.

5                                        A-1815-15T3

We exercise plenary review of the trial court's grant of summary judgment, and apply the same standard that governs the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). We determine whether the motion record shows a genuine issue of material fact, viewing the evidence in a light most favorable to the non-moving party, and whether the movant is entitled to judgment as a matter of law. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995); R. 4:46-2(c). A court must determine "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 533 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202, 214 (1986)). Absent a genuine factual dispute, the issue presented is legal, which we review de novo. Henry, supra, 204 N.J. at 330.

We confine our discussion to Jackson's state constitutional claims wherein he asserts violations under the New Jersey Civil Rights Act (Act), N.J.S.A. 10:6-1 to -2. The Act was adopted in 2004 "for the broad purpose of assuring a state law cause of action for violations of state and federal constitutional rights and to fill any gaps in state statutory anti-discrimination protection." Owens v. Feigin, 194 N.J. 607, 611 (2008). In Tumpson v. Farina, 218 N.J. 450, 474 (2014), our Supreme Court noted that despite the

sparse legislative history, it "tells us that our State Civil Rights Act is modeled off of the analogous Federal Civil Rights Act, 42 U.S.C.A. § 1983, and is intended to provide what Section 1983 does not: a remedy for the violation of substantive rights found in our State Constitution and laws."

Procedural due process requires adequate notice and an opportunity to be heard. Rivera v. Bd. of Review, 127 N.J. 578, 583 (1992) (citation omitted). However, prison disciplinary proceedings are not criminal proceedings and, therefore, inmates charged with disciplinary infractions are not entitled to the full "panoply of rights" afforded to a criminal defendant. Avant v. Clifford, 67 N.J. 496, 522 (1975) (quoting Morrissey v. Brewer, 408 U.S. 471, 480, 92 S. Ct. 2593, 2601, 33 L. Ed. 2d 484, 495 (1972)). Nonetheless, inmates facing disciplinary charges are entitled to limited protections before sanctions may be imposed against them. Ibid. These rights are: (1) notice in writing of the allegations against the inmate at least twenty-four hours before the hearing; (2) a hearing before an impartial tribunal; (3) the right to call witnesses and present evidence, subject to certain limitations due to the need for security and order in a prison setting; (4) a right to confront and cross-examine adverse witnesses, subject to the same limitations; (5) a right to a written statement specifying the evidence relied upon by the

tribunal and the reasons underlying the imposed sanctions; and (6) the assistance of counsel substitute where the inmate is illiterate or unable to mount a defense, or where the charges are complex. Id. at 525-29.

Consistent with the limited procedural rights that an inmate facing disciplinary sanctions must receive, the record demonstrates that the DOC adhered to all of those rights set forth in Avant. We conclude, therefore, that there was no violation of Jackson's rights under the Act.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1815-15T3