NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is only binding on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2281-14T4

SUZANNE VENEZIA,

 Plaintiff-Appellant,

v.

UNION COUNTY PROSECUTOR'S OFFICE,
THEODORE J. ROMANKOW, LISA
CYBULSKI, SUZANNE DEEGAN, ANNE
GIBBONS-LEJNIEKS, Individually and
in their Official Capacity as
Employees of the UNION COUNTY PROSECUTOR'S
OFFICE, UNION COUNTY, BOARD OF CHOSEN
FREEHOLDERS, CRANFORD POLICE
DEPARTMENT and BRIAN WAGNER, STEVEN
D'AMBOLA, THOMAS FEENEY, MATTHEW
WIDDOWS, Individually and in their
Official Capacity as Employees (or
Former Employees) of the CRANFORD
POLICE DEPARTMENT, TOWNSHIP OF CRANFORD,
NANCY VENEZIA, MONMOUTH COUNTY SHERIFF'S
OFFICE, MONMOUTH COUNTY BOARD OF
CHOSEN FREEHOLDERS, MONMOUTH COUNTY
CORRECTIONAL INSTITUTION and WILLIAM
FREASER, Individually and in his
Official Capacity as Warden (former)
of MONMOUTH COUNTY CORRECTIONAL
INSTITUTION, and Individually and in
their Official Capacity as Employees
of the MONMOUTH COUNTY CORRECTIONAL
INSTITUTION, CARMELA VENEZIA,

 Defendants,
and

BOROUGH OF BRIELLE, BRIELLE POLICE
DEPARTMENT and TODD GERLACH, GARY
OLSEN, Individually and in their
Official Capacity as Employees of
the BRIELLE POLICE DEPARTMENT,

 Defendants-Respondents.

_______________________________________

 Submitted September 19, 2016 - Decided August 11, 2017

 Before Judges Nugent and Currier.

 On appeal from the Superior Court of New
 Jersey, Law Division, Monmouth County, Docket
 No. L-1786-12.

 Suzanne Venezia, appellant pro se.

 Chamlin, Rosen, Uliano & Witherington,
 attorneys for respondents (James J. Uliano,
 on the brief).

PER CURIAM

 Plaintiff Suzanne Venezia appeals from a November 8, 2013

order denying her motion for reconsideration of an order for

summary judgment. The summary judgment order dismissed her

complaint with prejudice as to the Borough of Brielle, Brielle

Police Department, and Officers Todd Gerlach and Gary Olsen.

 2 A-2281-14T4
Plaintiff also appeals from a December 15, 2014 stipulation of

dismissal.1 For the reasons that follow, we affirm.

 On April 20, 2012, plaintiff filed a three-count complaint

against all defendants.2 She stated her cause of action against

defendants Borough of Brielle, Brielle Police Department and

Brielle Officers Todd Gerlach and Gary Olsen (the Brielle

defendants) in the complaint's first count. There, she alleged

the Brielle defendants violated the New Jersey Civil Rights Act

(CRA) on August 30, 2009, when they "did seize, arrest and

incarcerate [her] without probable cause in violation of the New

Jersey Constitution." She further alleged in Count I that "the

acts committed by the [Brielle defendants] in the handling of the

investigation, and in the arrest and incarceration of the

[p]laintiff, in depriving the [p]laintiff's liberties, were a

reckless disregard and deliberate indifference to the

[p]laintiff's constitutional and civil rights, freedoms, and

interest." She asserted that these violations of her civil rights

caused her to suffer mental and emotional anxiety, and physical

1
 The appeal from this stipulation appears to be an error.
Plaintiff does not challenge the stipulation in her brief. Rather,
she challenges the trial court's denial of her discovery motions.
2
 The order from which plaintiff appeals, denying reconsideration
of her summary judgment motion, pertains only to defendants Borough
of Brielle, Brielle Police Department, Todd Gerlach and Gary Olsen.
For that reason, our discussion of this action's procedural history
and legal issues is confined to these defendants.
 3 A-2281-14T4
injury. She also claimed to have suffered "in her business and

reputation."

 Plaintiff also alleged a cause of action in Count I against

the other public entity defendants. In Count II, plaintiff alleged

a cause of action for malicious prosecution against her sister.

In the same count, she alleged her sister and mother filed false

police reports, which included reports to the Brielle Police

Department accusing plaintiff of harassment and trespassing. In

Count III, plaintiff alleged another cause of action against her

sister for filing false police reports.

 During discovery, plaintiff filed a motion to compel the

Brielle defendants to produce certain records. The trial court

denied the motion, explaining:

 The [c]ourt held a Case Management Conference
 on 4/11/13 where the only items remaining in
 discovery were depositions of two Brielle
 police officers. Plaintiff is seeking
 personal financial information to which she
 is not entitled until she secures a judgment.
 Moreover, the plaintiff has not shown any
 basis to pierce the self-critical analysis
 privilege.

Plaintiff filed a motion for reconsideration. The court denied

the motion on July 12, 2013.

 Following completion of discovery, the Brielle defendants

filed a motion for summary judgment. In support of their motion,

the Brielle defendants filed a statement of material facts, which

 4 A-2281-14T4
included citations to the motion record as required by Rule 4:46-

2(a). This pleading and the evidence referenced in it established

the following account of relevant events.

 On August 24, 2009 – six days before the Brielle defendants

arrested plaintiff – Brielle Police Officer Gary Olsen responded

to plaintiff's mother's summer home (the Brielle residence).

Plaintiff's mother and sister had contacted the police department

to report difficulties with plaintiff. According to the mother

and sister, during the previous weekend plaintiff had become

verbally abusive. Plaintiff threatened to break into the Brielle

residence and remove valuable items because she was unemployed and

receiving no steady income. The family members reported they had

been giving plaintiff money, but when they stopped, plaintiff

became enraged and left the residence.

 According to the officer's report, plaintiff's mother forbid

plaintiff from entering the Brielle residence property until she

received proper medical attention to address her mental illness.

Plaintiff's mother asked the officer not to contact plaintiff

directly because police contact might worsen the situation.

 Six days later, on August 30, plaintiff returned to the

Brielle residence. According to a statement given to police by

plaintiff's sister, their mother had filed a "No Trespass" order

against plaintiff the previous Monday, and plaintiff was aware of

 5 A-2281-14T4
the order. The sister explained that when she reminded plaintiff

of the order, plaintiff replied she was aware of it but did not

care about it. Plaintiff called her sister a name and accused her

of manipulating other family members.

 Plaintiff's brothers were expected to arrive any minute. When

plaintiff's sister implored plaintiff to wait for her brothers,

plaintiff refused. Plaintiff's sister locked the doors to prevent

plaintiff from driving in her agitated state. According to

plaintiff's sister, plaintiff grabbed her arms, lifted her, and

pushed her out of the way. Plaintiff also pushed their mother,

who was trying to talk to plaintiff. Plaintiff left the house,

got into her car, and drove away. Plaintiff returned shortly

thereafter.

 Brielle Police Officer Todd Gerlach and another officer

responded to the call. Upon their arrival, plaintiff was present,

as were her mother, sister and brothers. Plaintiff's sister

recounted her conversation with plaintiff and how plaintiff had

assaulted her and her mother.

 According to the police report, when the officers interviewed

plaintiff, she "stated her sister was 'telling me I wasn't supposed

to be at the house and she was calling the police.'" Because

plaintiff did not want to be at the house, she attempted to leave,

but her mother and sister prevented her from doing so. Plaintiff

 6 A-2281-14T4
allegedly told the officers, "[y]es, I did push them out of the

way. That was the only way I could get by them."

 The officers arrested plaintiff for "Domestic Violence/Simple

Assault[, and] Defiant Trespass." When plaintiff was unable to

post bail set by a municipal court judge, she was transported to

the Monmouth County Correctional Institution, where she remained

overnight.3

 In response to the Brielle defendants' statement of material

facts, plaintiff did not "file a responding statement either

admitting or disputing each of the facts in the movant's statement"

with citation to evidence in the motion record demonstrating a

genuine dispute. R. 4:46-2(b). Nonetheless, plaintiff included

in her opposition a statement of material facts in which she

challenged, among other evidence, the accuracy of the "facts"

contained in Brielle police reports and deposition transcripts of

the Brielle officers. In support of her statement of material

facts, plaintiff asserted:

 The Plaintiff's facts are found here-below;
 these are the exact words (with excerpts from
 paragraphs) used by the Plaintiff in her
 Complaint filed on 4/20/2012 (Paragraphs 22-
 44); furthermore, these facts find direct
 reference in the Plaintiff's words of
 September 2009 in the Plaintiff's complaint
 filed against Nancy Venezia in Brielle

3
 The simple assault and defiant trespass charges were dismissed
by a municipal court judge on the State's motion after the
complainants declined to testify.
 7 A-2281-14T4
 Municipal Court (Exhibits A and B hereto) and
 in this Court in September of 2009[.]"

 Plaintiff's statement of facts also set forth the following

information. Plaintiff was not present at the Brielle residence

on August 24, 2009, when Officer Olsen met plaintiff's mother and

sister. Plaintiff claims that when she arrived at the Brielle

residence on August 30, 2009, her mother greeted her and helped

her put groceries into the refrigerator. Later, she was confronted

by her sister, who accused her of trespassing. Plaintiff replied

she was unaware of any trespassing. Nonetheless, upset by her

sister's angry words, plaintiff decided to return to her own home

rather than spend the night at the Brielle residence.

 When plaintiff went upstairs to pack, her sister followed

her, and told her she could not go home and remain at the Brielle

residence to speak with her brothers. When plaintiff insisted

upon leaving, her sister locked the residence doors. Plaintiff

admits that "[w]ith only her handbag and backpack, she pushed her

sister sideways to get out of the home through the back door by

releasing the slide lock." Plaintiff claims her sister scratched

her left arm. Plaintiff went to her car and as she drove away,

her sister was screaming in the street.

 Plaintiff decided to return to the Brielle property to settle

any issues once and for all. She drove back to the house and,

 8 A-2281-14T4
shortly thereafter, her brothers arrived. Brielle police officers

also arrived.

 Plaintiff said she explained to the officers she had no

knowledge whatsoever of any trespassing. In fact, she said she

had spoken to her mother throughout the previous week, the

exchanges were pleasant, and her mother never informed her that

she should not return to the Brielle residence. According to

plaintiff, rather than addressing her illegal confinement "with

locked and guarded house doors," the officers spoke to her

brothers, who in turn informed plaintiff she had only two choices:

drive with them to a hospital for a psychiatric evaluation or be

arrested. The officers offered her the same option. Plaintiff

replied that if the officers intended to falsely arrest her, they

should do it. Thereafter, the officers placed plaintiff under

arrest.

 After receiving all the summary judgment pleadings, the trial

court scheduled oral argument, but the court received a letter

from plaintiff the day before argument stating she did not wish

to attend. For that reason, the court cancelled oral argument.

 The trial court granted the Brielle defendants' motion. The

court noted that in plaintiff's complaint, she alleged she had

been caused to suffer mental and emotional anxiety, physical

injury, and damage to her business and reputation as a result of

 9 A-2281-14T4
the incident. The court analyzed these claims under the New Jersey

Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3. The court

determined plaintiff had not satisfied the TCA requirement that

she suffer "permanent loss of a bodily function, permanent

disfigurement or dismemberment where the medical treatment

expenses are in excess of $3,600" to recover for pain and

suffering. The court further determined the Brielle Officers were

immune from liability under N.J.S.A. 59:3-3, which immunizes

public employees for liability if they act "in good faith in the

execution or enforcement of any law." The statute does not

exonerate a public employee from liability for false arrest or

false imprisonment. The court determined "no reasonable jury

could conclude that Officer Gerlach and Officer Olsen did not act

either objectively or subjectively reasonably based on New Jersey

law." Consequently, the court concluded that the officers were

immune from liability under N.J.S.A. 59:3-3.

 Lastly, the court determined plaintiff failed to demonstrate

a genuinely disputed issue of material fact concerning liability

of the Borough and the Police Department. Plaintiff had not shown

the police violated her civil rights by acting contrary to law

pursuant to a governmental custom, policy statement, ordinance,

regulation, or decision.

 10 A-2281-14T4
 On appeal, plaintiff argues the trial court granted the

Brielle defendants' summary judgment motion after improperly

denying her requests for discovery, thereby effectively permitting

the Brielle defendants to circumvent discovery. She also argues

her opposition papers created genuinely disputed issues of

material fact concerning her claims against the Brielle

defendants. Specifically, she argues "with regard to [the Brielle

defendants'] purported 'good faith,' qualified immunity" claim,

the facts she developed on the record "are certainly sufficient

to find the Brielle [d]efendants acted without probable cause and

with malice." Plaintiff submits a jury should have decided her

claims.

 Appellate courts "review[] an order granting summary judgment

in accordance with the same standard as the motion judge." Bhagat

v. Bhagat, 217 N.J. 22, 38 (2014) (citations omitted). We "review

the competent evidential materials submitted by the parties to

identify whether there are genuine issues of material fact and,

if not, whether the moving party is entitled to summary judgment

as a matter of law." Ibid. (citing Brill v. Guardian Life Ins.

Co. of Am., 142 N.J. 520, 540 (1995); R. 4:46-2(c)). A trial

court's determination that a party is entitled to summary judgment

as a matter of law is "not entitled to any special deference[,]"

 11 A-2281-14T4
and is subject to de novo review. Manalapan Realty, L.P. v. Twp.

Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).

 The defense of qualified immunity "extends to suits brought

under . . . the Civil Rights Act, N.J.S.A. 10:6-1 to -2." Brown

v. State of New Jersey, ___ N.J. ___, ___ (2017) (alteration in

original) (citation omitted). "The affirmative defense of

qualified immunity protects government officials from personal

liability for discretionary actions taken in the course of their

public responsibilities, 'insofar as their conduct does not

violate clearly established statutory or constitutional rights of

which a reasonable person would have known.'" Ibid. (quoting

Morillo v. Torres, 222 N.J. 104, 116 (2015)).

 In Malley v. Briggs, 475 U.S. 335, 337, 106
 S. Ct. 1092, 1094, 89 L. Ed. 2d 271, 276
 (1986), . . . the Supreme Court considered
 "the question of the degree of immunity
 accorded a defendant police officer in a
 damages action under 42 U.S.C. § 1983 when it
 is alleged that the officer caused the
 plaintiff[] to be unconstitutionally arrested
 . . . [without] probable cause."

 [Wildoner v. Borough of Ramsey, 162 N.J. 375,
 386 (2000) (second, third and fourth
 alterations in original).]

 The Court, concluding that an officer applying
 for a warrant is entitled to assert qualified
 but not absolute immunity, observed that the
 defense of qualified immunity: provides ample
 protection to all but the plainly incompetent
 or those who knowingly violate the law . . . .

 12 A-2281-14T4
 Under the Harlow[4] standard . . . an allegation
 of malice is not sufficient to defeat immunity
 if the defendant acted in an objectively
 reasonable manner . . . . Defendants will not
 be immune if, on an objective basis, it is
 obvious that no reasonably competent officer
 would have concluded that a warrant should
 issue, but if officers of reasonable
 competence could disagree on this issue,
 immunity should be recognized.

 [Ibid. (alterations in original) (citing
 Malley, supra, 475 U.S. at 341, 106 S. Ct. at
 1096, 89 L. Ed. 2d at 278).]

 In the case before us, we can discern from the complaint a

single cause of action against the Brielle defendants: a violation

of the CRA. "In 2004, the Legislature adopted the CRA for the

broad purpose of assuring a state law cause of action for

violations of state and federal constitutional rights and to fill

any gaps in state statutory anti-discrimination protection."

Owens v. Feigin, 194 N.J. 607, 611 (2008) (citation omitted).

"[T]he CRA's purpose includes rectifying violations of

constitutional rights, the protection of which has never depended

on the satisfaction of the TCA's procedural and substantive

requirements." Id. at 613. Thus, "the [TCA] is inapplicable to

claims instituted pursuant to the [CRA]." Thigpen v. City of East

Orange, 408 N.J. Super. 331, 342 (2009) (citing Owens, supra, 194

N.J. at 613).

4
 Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed.
2d 396 (1982).
 13 A-2281-14T4
 It appears from the Brielle defendants' brief and the trial

court's opinion that defendants and the court liberally construed

the self-represented plaintiff's complaint to state unspecified

tortious damage claims. Assuming that is so, the court did not

err by dismissing such claims under the relevant TCA provisions.

Nonetheless, the CRA claim against the Brielle defendants was

properly dismissed, because the Doctrine of Qualified Immunity

applied.

 Plaintiff's allegation that the Brielle officers acted with

malice "is not sufficient to defeat immunity if [the officers]

acted in an objectively reasonable manner." Malley, supra, 475

U.S. at 341, 106 S. Ct. at 1095, 89 L. Ed. 2d at 278. They did.

When Officer Olsen responded to the Brielle residence on August

24, 2009, plaintiff's sister said plaintiff had been told

explicitly not to return to the residence. Six days later, when

Officer Gerlach responded to the residence, he and his fellow

officer interviewed those present and were provided with ample

information to support a finding of probable cause that plaintiff

committed the offenses of simple assault and trespass.

 Even if we were to conclude in hindsight that the issue of

probable cause was debatable, the officers nonetheless acted in

an objectively reasonable manner. They interviewed the parties

who were present, evaluated the information, assessed the

 14 A-2281-14T4
situation, and exercised their law enforcement function.

Considering the totality of circumstances, we cannot find there

are genuinely disputed facts of record from which a jury could

determine "it is obvious that no reasonably competent officer

would have concluded" the circumstances did not warrant

plaintiff's arrest. Ibid. Accordingly, the trial court did not

err in granting the Brielle defendants' summary judgment motion

as to the officers.

 Nor did the trial court err in determining the Borough and

the Police Department were entitled to summary judgment under the

principles announced in Monell v. Dep't of Soc. Servs., 436 U.S.

658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Plaintiff's arguments

to the contrary are without sufficient merit to warrant further

discussion. R. 2:11-3(e)(1)(E).

 Because the trial court properly granted the Brielle

defendants' summary judgment motion, the court did not err by

denying plaintiff's motion for reconsideration.

 Plaintiff's contention that the court improperly limited

discovery is also without merit. "Appellate review of a trial

court's discovery order is governed by the abuse of discretion

standard." State in Interest of A.B., 219 N.J. 542, 554 (2014)

(citations omitted). "Thus, an appellate court should generally

defer to a trial court's resolution of a discovery matter, provided

 15 A-2281-14T4
its determination is not so wide of the mark or is not 'based on

a mistaken understanding of the applicable law.'" Ibid. (citations

omitted). Here, we discern nothing in the record that demonstrates

the trial court's resolution of discovery matters constituted an

abuse of discretion.

 We have considered plaintiff's remaining arguments and

determined they are without sufficient merit to warrant discussion

in a written opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 16 A-2281-14T4