**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3533-22

BRIAN A. VASSEL,

    Plaintiff-Appellant,

v.

MANCHESTER TOWNSHIP
POLICE DEPARTMENT,

    Defendant-Respondent.

_____

Submitted March 5, 2025 – Decided May 2, 2025

Before Judges DeAlmeida and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0637-23.

Brian A. Vassel, appellant pro se.

Hiering, Gannon and McKenna, attorneys for respondent (Michael J. McKenna, on the brief).

PER CURIAM

Plaintiff Brian A. Vassel appeals from the May 26, 2023 Law Division order dismissing his complaint with prejudice against defendant Manchester Township Police Department. We affirm.

On March 20, 2023, plaintiff filed a single-count complaint alleging that on December 20, 2022:

> Officer Rembach of [the] Manchester Police Department used his position to unlawfully take my child[] . . . and give her to individuals that were not parents or legal guardians, initiating a multi-state child abduction event. The actions of this officer directly deprived the only parent in the country of custody. The officer stated that I must abide by his custody order. The officer unjustly used his position of power to facilitate the taking of my child by individuals that he expressed a prior or personal connection.

The complaint alleged harm of "[e]motional distress and trauma to the child . . . , her parents and her grandparents in the amount of $250,000[]."

On April 23, 2023, plaintiff filed a motion to file a late notice of tort claim pursuant to N.J.S.A. 59:8-9. His certification in support of the motion stated, "The incident occurred during a critical and confidential ten-month work training cycle that spanned multiple cities in three geographical regions. The immediate time after the event was spent restoring the health and welfare of the minor involved in the case."

A-3533-22

Defendant filed a motion to dismiss the complaint based on plaintiff's failure to file a timely notice of tort claim pursuant to N.J.S.A. 59:8-8. In his opposition to the motion, plaintiff argued the merits of the complaint and plaintiff's discovery request, but did not address his failure to file a timely notice of tort claim.

In a May 26, 2023 order,[1] the motion judge denied plaintiff's application to file a late notice of tort claim, finding plaintiff's certification failed to demonstrate extraordinary circumstances necessary to warrant the requested relief. In a second order on the same date, the judge granted defendant's motion to dismiss the complaint with prejudice. This appeal followed.

We review de novo a motion to dismiss for failure to state a claim pursuant to Rule 4:6-2(e). Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)).

---

[1] Although plaintiff's notice of appeal included the order denying his motion to file a late notice of tort claim, his merits brief does not address this order. An issue not briefed is deemed waived. See N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal."); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025) ("It is, of course, clear that an issue not briefed is deemed waived.").

A-3533-22

The Tort Claims Act (TCA), N.J.S.A. 59:1-1 to :12-3, requires a litigant to notify a public entity of the intent to sue for damages within ninety days of the date the cause of action accrued. N.J.S.A. 59:8-8. If timely notice is not provided, a litigant may, at the discretion of the court, be permitted to file a late notice within one year of the accrual of the claim if the public entity "has not been substantially prejudiced" and the plaintiff demonstrates "sufficient reasons constituting extraordinary circumstances" for missing the filing deadline. N.J.S.A. 59:8-9.

Here, having found plaintiff's certification failed to demonstrate extraordinary circumstances, the judge denied his motion to file a late notice of tort claim. The failure to file a notice of tort claim "within ninety days under normal conditions, or within one year under extraordinary circumstances" bars a plaintiff from bringing a tort claim against a public entity. Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 133 (2017); see also N.J.S.A. 59:8-8(a). Because plaintiff's failure to file a timely notice of tort claim and subsequent inability to demonstrate extraordinary circumstances were fatal to his cause of action, the judge correctly dismissed the complaint with prejudice.

For the first time on appeal and contrary to his arguments before the motion judge, plaintiff now contends his complaint alleged violations of the

New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2, and therefore was not subject to the TCA notice requirements. <u>Owens v. Feigin</u>, 194 N.J. 607, 609 (2008). We decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance. <u>Nieder v. Royal Indem. Ins. Co.</u>, 62 N.J. 229, 234 (1973). Neither circumstance is present in this matter.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3533-22