**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0107-24

LAWRENCE DIGIESI,

    Plaintiff-Appellant,

v.

TOWNSHIP OF BRIDGEWATER
POLICE DEPARTMENT,
TOWNSHIP OF BRIDGEWATER,
THOMAS KOCHANSKI, PETER
OCHS, JOHN MITZAK, and
SHAWN O'NEILL,

    Defendants-Respondents,

and

ALFRED NICARETTA, KENNETH
DOLIDA, and PAUL PAYNE,

    Defendants.

_____

        Argued June 4, 2025 – Decided July 23, 2025

        Before Judges Mayer, Rose and Puglisi.

        On appeal from the Superior Court of New Jersey, Law
        Division, Somerset County, Docket No. L-0453-24.

Peter W. Till argued the cause for appellant (Law Offices of Peter W. Till, attorneys; Peter W. Till and John V. Salierno, on the briefs).

Matthew R. Flynn argued the cause for respondents Township of Bridgewater and Township of Bridgewater Police Department (Savo, Schalk, Corsini, Warner, Gillespie, O'Grodnick & Fisher, PA, attorneys; Matthew R. Flynn, of counsel and on the brief).

Richard J. Guss argued the cause for respondents Thomas Kochanski, Peter Ochs, John Mitzak, and Shawn O'Neill (DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, PC, attorneys; Richard J. Guss, on the brief).

PER CURIAM

Plaintiff Lawrence DiGiesi appeals from the August 16, 2024 Law Division orders dismissing his complaint against defendants Township of Bridgewater Police Department and Township of Bridgewater (Bridgewater defendants), and Thomas Kochanski, Peter Ochs, John Mitzak, and Shawn O'Neill (individual defendants). We reverse.

I.

Plaintiff was employed as a restaurant security guard in Bridgewater. On March 13, 2016, plaintiff refused re-entry to two patrons because they were belligerent to restaurant staff. One of the patrons, who was the son of a retired Bridgewater police officer, became enraged at being barred from reentry and

engaged in a physical altercation with plaintiff. When plaintiff pushed the patron away from him, the patron fell and sustained an ankle injury.

The police were called, and Mitzak, O'Neill and Kochanski responded to investigate the incident but did not arrest anyone that night. Six days later, Mitzak prepared an incident report stating he reviewed surveillance footage of the incident and "it [was] obvious that [plaintiff was] the aggressor"; "[a]t no time did [he] see [the patron] attempt to re-enter the [restaurant]"; "and at no time did [he] see [the patron] push or punch [plaintiff]."

On September 22, 2016, a Somerset County grand jury indicted plaintiff, charging him with third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7). On June 6, 2017, plaintiff was found not guilty in a bench trial, but the judgment of acquittal (JOA) was not entered until July 31, 2017.

On July 1, 2019, plaintiff filed a nine-count complaint in the District of New Jersey (federal complaint) pursuant to 42 U.S.C. § 1983 and the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to -7, alleging: violations of the Fourteenth Amendment to the United States Constitution (count one); negligence (count two); malicious abuse of legal process (count three); malicious prosecution (count four); violations of his constitutional rights by falsely, wrongfully, detaining and arresting him (count five); defamatory injury

A-0107-24

to reputation (count six); aiding in the commission of tort by concert of action (count seven); and conspiracy to commit tort (count eight); and municipal liability (count nine). Counts one through seven were alleged against all defendants,[1] and count nine was alleged against Bridgewater Township.

On March 27, 2024, the district court dismissed the federal claims as time-barred, because the false arrest claims[2] were filed more than two years after plaintiff's arrest and the malicious prosecution claims were filed more than two years after the prosecution was terminated in his favor on June 6, 2017. The court declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed them without prejudice. Plaintiff appealed the order to the Third Circuit.

On April 11, 2024, plaintiff filed a ten-count complaint in state court (state complaint) pursuant to the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2 (NJCRA) and the TCA, alleging: unlawful detention, in violation of (count one); false imprisonment, in violation of N.J.S.A. 2C:30-6 (count two);

---

[1] The federal complaint also named other individuals who were not named as defendants in this matter.

[2] For brevity and because of the distinct accrual dates, we refer to plaintiff's various claims arising out of his arrest and imprisonment as false arrest claims and the claims arising out of his prosecution as malicious prosecution claims.

4

violations of the New Jersey Constitution (count three); negligence, in violation of the TCA (count four); malicious abuse of legal process (count five); malicious prosecution and use of process (count six); malicious misrepresentation (count seven); aiding the commission of tort—concert of action (count eight); civil conspiracy (count nine); and municipal liability (count ten).[3]

The individual and Bridgewater defendants moved to dismiss the state complaint pursuant to Rule 4:6-2(e) for failure to file within the two-year statute of limitations.[4]  In its August 16, 2024 oral decision, the trial court noted it was not bound by the district court's ruling, but nevertheless "agree[d] with [the] calculation of the commencement of the accrual date," because the district court "was dealing with the same statute of limitations."

Likening the issue to the discovery rule, the trial court opined "[t]he accrual date . . . is triggered on the date of the discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is later."  Thus,

---

[3]  Except for count ten, which was alleged against Bridgewater Township, the causes of action were alleged against all defendants.  Because of the different accrual dates, we refer to plaintiff's allegations as either related to his arrest or related to his prosecution.

[4]  The parties do not dispute the entirety of plaintiff's claims are subject to a two-year statute of limitations.

the court found plaintiff's malicious prosecution claims accrued "at the time [plaintiff] was in court and he was found not guilty." Accordingly, the court granted defendants' motions and dismissed the state complaint with prejudice as time barred.

While this appeal was pending, the Third Circuit reversed in part the March 27, 2024 district court order, holding plaintiff's malicious prosecution claims accrued when the JOA was entered on July 31, 2017, and were therefore filed within the two-year statute of limitations period.[5] DiGiesi v. Twp. of Bridgewater Police Dep't, No. 24-1768, 2025 U.S. App. LEXIS 10080, at *4-5 (3d Cir. Apr. 28, 2025). The Third Circuit reasoned:

> [F]avorable termination is the moment when the outcome of the prosecution can no longer be changed by the trial court. . . .
>
> In New Jersey state courts, the outcome of the prosecution can no longer be changed when an order is issued. Here, the New Jersey Superior Court issued its order when it entered the [JOA] on July 31, 2017. So [plaintiff's] malicious-prosecution claim accrued, and the relevant statute of limitations began running, on that date, not when the judge delivered her oral not-guilty verdict on June 6[, 2017].

---

[5] The Third Circuit affirmed the dismissal of plaintiff's false arrest claims, noting "[t]he parties do not appear to dispute on appeal that these claims were time-barred." DiGiesi, 2025 U.S. App. LEXIS 10080, at *4-5.

A-0107-24

The Supreme Court has made clear that occurrence, not discovery, is the presumptive standard for statute-of-limitations questions under § 1983. See McDonough v. Smith, 588 U.S. 109, 115 (2019) (time at which a § 1983 claim accrues "is presumptively 'when the plaintiff has "a complete and present cause of action"'" (quoting Wallace[ v. Kato], 549 U.S. [384,] 388 [(2007)])); Reed v. Goertz, 598 U.S. 230, 235-36 (2023) (same). But the District Court considered only when [plaintiff] "knew, or should have known, of the favorable termination of the case." That was not correct.

[DiGiesi, 2025 U.S. App. LEXIS 10080, at *4-5 (footnote and citations omitted).]

On appeal, plaintiff argues the trial court erred by considering accrual of his claims in the context of the discovery rule, relying on the date of the verdict instead of the date the JOA was entered, and failing to address the potential for conflicting judgments in federal and state courts.[6]

II.

We owe "no deference to a trial court's legal determinations when no issue of fact exists, . . . [and] review de novo a trial court's decision to dismiss a complaint as barred by a statute of limitations." Barron v. Gersten, 472 N.J.

---

[6] Because plaintiff does not argue the dismissal of his false arrest claims was error, we consider his appeal of that portion of the order waived. See Pressler and Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025) ("[A]n issue not briefed is deemed waived.").

Super. 572, 576 (App. Div. 2022); see also Smith v. Datla, 451 N.J. Super. 82, 88 (App. Div. 2017) ("[W]hen analyzing pure questions of law raised in a dismissal motion, such as the application of a statute of limitations, we undertake a de novo review.").

The "underlying purpose of statutes of limitations is to reduce uncertainty concerning the timeliness of a cause of action." Fox v. Millman, 210 N.J. 401, 414-15 (2012) (quoting McGrogan v. Till, 167 N.J. 414, 426 (2001)). "Statutes of limitations, by their nature, are intended to compel plaintiffs to file their lawsuits within a prescribed time to allow defendants a fair opportunity to respond and safeguard their interests." Barron, 472 N.J. Super. at 576-77 (quoting The Palisades at Fort Lee Condo. Ass'n v. 100 Old Palisade, LLC, 230 N.J. 427, 443 (2017)).

To establish a claim for malicious prosecution, a plaintiff must show: (1) a criminal action was instituted by the defendant against the plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; and (4) the action was terminated favorably to the plaintiff. LoBiondo v. Schwartz, 199 N.J. 62, 90 (2009).

The NJCRA was enacted "for the broad purpose of assuring a state law cause of action for violations of state and federal constitutional rights and to fill

A-0107-24

in any gaps in state statutory anti-discrimination protection." Ramos v. Flowers, 429 N.J. Super. 13, 21 (App. Div. 2012) (quoting Owens v. Feigin, 194 N.J. 607, 611 (2008)). The Legislature modeled the NJCRA on 42 U.S.C. § 1983, intending to provide a remedy for violation of substantive rights established under the New Jersey Constitution and state law. Tumpson v. Farina, 218 N.J. 450, 474 (2014).

Because the Third Circuit reversed the dismissal of plaintiff's Section 1983 malicious prosecution claims, the trial court's reliance on the district judge's opinion and reasoning was misplaced. Although the trial court provided independent reasons for determining the accrual date of the malicious prosecution claims, it did so without benefit of the Third Circuit's opinion on the issue. Because "[t]he interpretation given to parallel provisions of Section 1983 may provide guidance in construing [the NJCRA]," Tumpson, 218 N.J. at 474, we reverse the order dismissing plaintiff's malicious prosecution claims and remand for further proceedings.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division