**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0783-22

NEW JERSEY CITIZEN ACTION,
MAURA COLLINSGRU, in her
capacity as Healthcare Program
Director, AMERICAN
FEDERATION OF TEACHERS,
NEW JERSEY, DONNA CHIERA,
in her capacity as President of
AFTNJ, and MARK and
KATHERINE SMITH,

     Plaintiffs-Appellants,

v.

PHILIP D. MURPHY, in his
official capacity as Governor of
NEW JERSEY, and STATE OF
NEW JERSEY,

     Defendants-Respondents.

_____

     Argued April 24, 2024 – Decided July 10, 2024

     Before Judges Currier, Susswein and Vanek.

     On appeal from the Superior Court of New Jersey, Law
     Division, Mercer County, Docket No. L-1968-21.

Renée W. Steinhagen and Bruce I. Afran argued the cause for appellants (New Jersey Appleseed Public Interest Law Center, Inc., and Bruce I. Afran, attorneys; Renée W. Steinhagen and Bruce I. Afran, on the briefs).

Abiola G. Miles, Deputy Attorney General, argued the cause for respondents (Matthew J. Platkin, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Abiola G. Miles, Michelline Capistrano Foster, and James J. Robinson, Jr., Deputy Attorneys General, on the brief).

James J. DiGiulio argued the cause for amicus curiae New Jersey Hospital Association (O'Toole Scrivo, LLC, attorneys; James J. DiGiulio and Nicole M. DeMuro, of counsel and on the brief).

Lawrence S. Lustberg argued the cause for amicus curiae Independent Colleges and Universities of New Jersey and New Jersey Center for Nonprofits, Inc. (Gibbons, PC, attorneys; Lawrence S. Lustberg and Andrew J. Marino, on the brief).

PER CURIAM

Plaintiffs appeal from the September 28, 2022 order granting defendants' motion to dismiss count four of their complaint, denying plaintiffs' cross-motion for summary judgment, and denying plaintiffs' motion to amend their complaint. The complaint alleged that the newly amended N.J.S.A. 54:3-21(a) was unconstitutional as the statute eliminated third-party appeals of tax assessments and a property's tax-exempt status.

Judge Mala Sundar, P.J.T.C., temporarily assigned to the Law Division to preside over this case, found plaintiffs' allegations in count four were moot because the parties agreed an individual could still appeal such decisions in the Superior Court as actions in lieu of prerogative writs under Rule 4:69. Therefore, the judge concluded there was no justiciable issue to decide. Because we agree there is no disputed issue requiring us to decide the constitutionality of the amended statute, we affirm.

I.

On February 22, 2021, defendant Governor Philip D. Murphy signed A. 1135 into law (the new law). The new law exempted non-profit hospitals from property taxation, and instead established a community service requirement. Pertinent to this appeal, the new law also amended N.J.S.A. 54:3-21(a) to read as follows:

> [A] taxpayer feeling aggrieved by the assessed valuation or exempt status of the taxpayer's property, or feeling discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation or exempt status of property in the taxing district, or by the assessed valuation or exempt status of property in another taxing district in the county, may . . . . appeal to the county board of taxation . . . [or] file a complaint directly with the Tax Court, if the assessed

valuation of the property subject to the appeal exceeds $1,000,000.[1]

[L. 2021, c. 17, § 6.]

In short, the statute prohibits a taxpayer from appealing the tax-exempt status or assessment of property they do not own to the county board of taxation or the Tax Court. Prior to the amendment, a taxpayer could challenge these issues in an appeal to the county board or to the Tax Court.

## A.

Plaintiff New Jersey Citizen Action (NJCA) is a non-profit corporation that "engage[s] in issue advocacy, education[,] and outreach" and provides assistance to New Jersey residents. Plaintiff Maura Collinsgru is the Health Care Program Director of NJCA.

Plaintiff American Federation of Teachers, New Jersey (AFTNJ) is a non-profit union that represents education workers in New Jersey. Plaintiff Donna Chiera is the president of the AFTNJ. NJCA and AFTNJ allege they are harmed by the statute because it reduces public revenues and, consequently, public funds that could be used to aid education.

---

[1] Underlined text indicates text added by the amendment. Struck-out text indicates omitted text in the amended statute.

Plaintiffs Mark and Katherine Smith own property in South Brunswick Township and allege they are harmed by the amended statute because they cannot challenge the exempt status of hospitals in their county and the exempt status of undeveloped land adjacent to their property. They further allege the statute as amended will cause an increase in their property taxes.

In August 2021, plaintiffs moved to intervene in a Mercer County action in which individuals challenged the constitutionality of the portions of the new law regarding the exemption of non-profit hospitals from property taxation. The court denied the motion. However, the court permitted plaintiffs to participate as amici curiae.

Thereafter, plaintiffs filed a four-count verified complaint in the Tax Court. Counts one through three contested the constitutionality of the new law regarding the tax-exempt status of hospitals. Count four, the subject of this appeal, alleged that prohibiting a taxpayer's ability to challenge the tax exemption status or assessment of a property they did not own was unconstitutional under Article I, Paragraph 18 of the New Jersey Constitution and the First Amendment of the United States Constitution (collectively referred to as the "Petition Clauses"), and Article VI, Section 5, Paragraph 4 of the New Jersey Constitution (the Prerogative Writs Clause).

A-0783-22

The matter was transferred to the Superior Court and Judge Sundar was temporarily assigned to the Superior Court to adjudicate the case. Because plaintiffs were amici curiae in the Mercer County action, Judge Sundar requested, and plaintiffs agreed, to withdraw counts one through three of their complaint. Judge Sundar later dismissed the counts with prejudice.

The court granted Independent Colleges and Universities of New Jersey, New Jersey Center for Nonprofits, Inc.[2] and the New Jersey Hospital Association leave to participate as amicus curiae.

B.

Defendants moved to dismiss the complaint for failure to state a claim under Rule 4:6-2(e). Defendants contended the amended statute did not bar a third party from filing an action in lieu of prerogative writs in the Superior Court under Rule 4:69. Therefore, a third party continues to have an avenue for relief regarding the taxation of a property it did not own.

Plaintiffs cross-moved for summary judgment and moved for leave to amend their complaint to include a claim that defendants had violated the New Jersey Civil Rights Act (CRA), N.J.S.A. 10:6-1 to -2.

---

[2] During the trial court proceedings, amicus was named the Center for Non-Profit Corporations, Inc.

After hearing oral arguments, Judge Sundar issued an order and written opinion on September 28, 2022, granting defendants' motion to dismiss and denying plaintiffs' cross-motion for summary judgment and motion for leave to amend their complaint. The judge noted that after defendants and amici stated a third-party appeal could still be presented under Rule 4:69, "plaintiffs chose not to pursue their claim that Section 6 violated the Petition clauses." Instead, plaintiffs sought a declaratory judgment that a third-party could bring a local property tax appeal in the Superior Court under Rule 4:69.

Judge Sundar found the claims under count four were moot because the parties and amici agreed that a local property tax appeal could be pursued under Rule 4:69. Therefore, there was no justiciable issue, and she did not have to determine the constitutionality of the amended statute.

Judge Sundar found the language of the amended N.J.S.A. 54:3-21(a) was "clear and unambiguous" and therefore she did not have to turn to the legislative history. She explained that although the amended statute did not specifically express the opportunity for an aggrieved taxpayer to seek relief in court, the lack of explicit language did not render the statute ambiguous. To the contrary, the judge found the clear meaning of the statute is that a taxpayer is only prohibited from contesting the tax-exempt status or assessment of another's property before

the county board of taxation or in the Tax Court. The judge stated it was "clear that the Legislature did not foreclose the application of R[ule] 4:69 for third-party [local property tax] appeals in the Superior Court." Therefore, Judge Sundar found the statute was not facially unconstitutional under the Prerogative Writs Clause.

As the issue was moot, Judge Sundar concluded she would not grant a declaratory judgment that a third party could bring a local property tax appeal under Rule 4:69. She found plaintiffs' argument about "the need to educate the public on the availability of R[ule] 4:69" was not sufficiently important to overlook the absence of an actual dispute. She explained that consideration of the moot issue would be an impermissible advisory opinion.

In turning to plaintiffs' motion for leave to amend their complaint to add a CRA claim, Judge Sundar stated a claim under the CRA had to be premised on "the finding of a constitutional violation." In light of her finding there was no violation of the Prerogative Writs Clause because local property tax appeals could be brought under Rule 4:69, the judge denied the motion.

II.

On appeal, plaintiffs contend the matter is not moot because the issue is one of public importance that is likely to recur, the voluntary cessation doctrine

A-0783-22

applies, the request for a declaratory judgment is justified since the Legislature explicitly intended to eliminate third-party tax appeals, and the court abused its discretion in denying leave to amend the complaint.

All amici who participated in the trial court proceedings also submitted briefs and presented oral arguments before this court. The amici supported the constitutionality of the amended statute. Amici Independent Colleges and Universities of New Jersey and New Jersey Center for Nonprofits, Inc. urge this court to clarify the process of bringing an action in lieu of prerogative writs. They contend such clarification would not be an advisory opinion but would "describ[e] well-settled law that has been applied in numerous contexts over the past eighty years" and its application to third-party tax challenges.

Amicus New Jersey Hospital Association supports defendants' position, asserting third-party appeals have not been eliminated and an action in lieu of prerogative writs remains a viable avenue of relief.

We review a trial court's decision on a motion to dismiss for failure to state a claim upon which the court can grant relief de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). We "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being

A-0783-22

given to amend if necessary." Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957).

Similarly, our review of a trial court's decision on a motion for summary judgment is de novo, and we "apply[] the same standard used by the trial court." Samolyk v. Berthe, 251 N.J. 73, 78 (2022). A motion for summary judgment should be granted when "there is no genuine issue as to any material fact challenged and . . . the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). The court should "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

## A.

We begin with a consideration of the "mootness" of plaintiff's allegations under count four of the complaint. Plaintiffs contend the claims are not moot because the parties have different interpretations of the amended statute. Therefore, a declaratory judgment is necessary.

"Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately

10

threatened with harm." Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010). "An issue is '"moot when [a court's] decision sought in a matter, when rendered, can have no practical effect on the existing controversy."'" Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)). Our courts have generally refrained from deciding issues that are moot. De Vesa v. Dorsey, 134 N.J. 420, 428 (1993) (Pollock, J., concurring).

However, "[o]n occasion," if an "issue is one of substantial importance, likely to reoccur but capable of evading review," courts will nevertheless consider an issue on the merits. Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 330 (1996).

Here, the parties and amici agree that the amendment to N.J.S.A. 54:3-21(a) eliminated a third-party tax appeal to county boards of taxation and the Tax Court, but that individuals can still pursue their claims in the Superior Court under Rule 4:69. Plaintiffs abandoned their challenge to the constitutionality of the amended statute. Therefore, there was and is no controversy for the court to decide. See Redd, 223 N.J. at 104.

Recognizing the lack of a justiciable issue, plaintiffs alternatively seek declaratory judgment establishing a taxpayer's right to pursue an action in lieu

11

of prerogative writs. Plaintiffs assert the statute is unclear and ambiguous regarding an individual's right to relief in contrast to the legislative history that clearly supports the intent to eliminate the ability of a taxpayer to appeal the assessment or exemption of another's property.

"The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005). "If the plain language leads to a clear and unambiguous result," the court's "interpretive process is over." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195 (2007).

Here, the language of the amended N.J.S.A. 54:3-21(a) is unambiguous and clear. The amendment deleted the language that permitted an individual to appeal the tax assessment or exempt status of another's property before the county board of taxation or in the Tax Court. It did not state a taxpayer could pursue relief regarding the taxation of another's property in the Superior Court under Rule 4:69.

However, prior to its amendment, the statute did not reference Rule 4:69 and its availability for relief. Therefore, the continued lack of a reference to the

Rule in the amended statute did not affect its applicability to a taxpayer seeking relief regarding the property owned by another.

Plaintiffs have not presented a concrete dispute. Although a court may issue a declaratory judgment "to end uncertainty about the legal rights and duties of the parties to the litigation in controversies which have not yet reached the stage at which the parties seek a coercive remedy," it will "not render advisory opinions or function in the abstract," nor "decide a case based on facts which are undeveloped or uncertain." N.J. Ass'n for Retarded Citizens, Inc. v. N.J. Dep't of Hum. Servs., 89 N.J. 234, 241-42 (1982).

It is not our province to provide the public with "guidance" regarding an uncontroverted issue. As Judge Sundar stated when disagreeing with plaintiffs' argument: "[T]he need to educate the public on the availability of R[ule] 4:69" was not such an issue of public importance that the court was compelled to "ignore the absence of controversy."

For the first time, plaintiffs raise the doctrine of voluntary cessation, asserting it is applicable because defendants conceded after the filing of the lawsuit that the amended statute did not eliminate a third-party taxpayer's ability to appeal an assessment or exemption to the Superior Court. We generally "decline to consider questions or issues not properly presented to the trial court

when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). As stated, plaintiffs have not presented an issue of public interest warranting the need to educate the public on a matter about which there is no dispute among the parties.

Nevertheless, in briefly addressing the issue, we find the doctrine inapplicable to these circumstances. The doctrine was explained by the United States Supreme Court in United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953), as pertinent when a defendant has ceased the challenged conduct but remains "free to return to [the defendant's] old ways." In that situation, the issue is not moot and can be decided on its merits. Ibid. However, the issue may become "moot if the defendant can demonstrate that 'there is no reasonable expectation that the wrong will be repeated.'" Id. at 633 (quoting United States v. Aluminum Co. of Am., 148 F.2d 416, 448 (2d Cir. 1945)).

Plaintiffs have not demonstrated defendants have engaged in any challenged conduct that must be stopped. See id. at 632. There is no evidence

14

that defendants have prevented individuals from bringing third-party taxation appeals as actions under Rule 4:69 in the Superior Court.

For the reasons stated, we see no reason to disturb Judge Sundar's order dismissing plaintiffs' complaint.

B.

We turn to plaintiffs' contention that the court abused its discretion in denying their motion to amend the complaint to assert a CRA claim. "We review a trial court's decision to grant or deny a motion to amend the complaint for abuse of discretion." Port Liberte II Condo. Ass'n v. New Liberty Residential Urb. Renewal Co., 435 N.J. Super. 51, 62 (App. Div. 2014). "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

The trial court should grant a motion for leave to amend "liberally" and "even if the ultimate merits of the amendment are uncertain." G & W, Inc. v. Borough of E. Rutherford, 280 N.J. Super. 507, 516 (App. Div. 1995). However, the motion should be denied if the amendment is futile, meaning it "will

nonetheless fail and, hence, allowing the amendment would be a useless endeavor." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006).

Judge Sundar denied plaintiffs' motion to amend their complaint because she found that, without a demonstrated constitutional violation, plaintiffs could not support a claim under the CRA. We agree with the judge's reasoning.

N.J.S.A. 10:6-2(c) provides that:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or . . . by the Constitution or laws of this State, . . . may bring a civil action for damages and for injunctive or other appropriate relief.

It was intended to "assur[e] a state law cause of action for violations of state and federal constitutional rights and to fill any gaps in state statutory anti-discrimination protection." Owens v. Feigin, 194 N.J. 607, 611 (2008).

As we have discussed, plaintiffs did not establish the amended statute was unconstitutional. Therefore, a CRA "claim is not sustainable as a matter of law," and permitting plaintiffs to amend the complaint would be futile. Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 256-57 (App. Div. 1997) (quoting Mustilli v. Mustilli, 287 N.J. Super. 605, 607 (Ch. Div. 1995)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office

CLERK OF THE APPELLATE DIVISION

16