**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3461-21

BOROUGH OF HIGHLAND
PARK,

    Plaintiff-Respondent,

v.

MITCHELL S. CAPPELL,

    Defendant-Appellant.

_____

> Argued January 29, 2024 – Decided March 3, 2025
>
> Before Judges Gilson, DeAlmeida and Bishop-Thompson.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-000195-16.
>
> Daniel B. Tune argued the cause for appellant (Tune Law Group, attorneys; Mitchell S. Cappell, on the briefs).
>
> Christopher K. Harriott argued the cause for respondent (Florio Kenny Raval, LLP, attorneys; Edward J. Florio, of counsel; Christopher K. Harriott, on the brief).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

This matter returns to us after a remand. Defendant Mitchell S. Cappell appeals from the February 18, 2022 order of the Chancery Division granting summary judgment to plaintiff Borough of Highland Park (Borough) on defendant's counterclaims alleging the Borough violated his substantive due process rights when it issued stop construction orders and notices of penalty based on alleged municipal code violations relating to a residential construction project. We affirm.[1]

I.

Defendant owns residential real property in the Borough. On June 6, 2013, defendant applied for a permit to perform construction on, and add a floor to, the home. The Borough alleged defendant was required to produce a copy

---

[1] Defendant's case information statement indicates he is appealing from the March 11, 2022 order denying his motion for reconsideration of the February 18, 2022 order. He did not, however, address the March 11, 2022 order in his brief. Because defendant made no substantive argument with respect to the March 11, 2022 order, we consider his appeal from that order waived. "[A]n issue not briefed is deemed waived." Pressler and Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025); Telebright Corp., Inc. v. Dir., N.J. Div. of Tax'n, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief).

A-3461-21

of an approval from the Highland Park Zoning Board of Adjustment (Zoning Board) for a height variance, as well as construction plans drawn to scale. According to the Borough, defendant never produced these documents.

Despite defendant's alleged lack of production of those documents, in June 2013, the Borough's Construction Office issued to defendant a permit, which indicates the work to be performed was the renovation of the second floor and to "add a level" to the home. The permit also states, "[d]rawings to follow."

On November 22, 2015, almost two-and-a-half years after defendant commenced construction and renovation of the home, Scott Brescher, the Borough Construction Officer, issued a "stop construction" order to defendant. The basis for the order appears to have been defendant's failure to produce the Zoning Board approval and construction plans drawn to scale.

Because the roof was not complete, defendant sought permission from the Borough to cover the house to prevent rain and snow from entering the structure. On December 15, 2015, the Borough attorney contacted defendant's attorney and advised that "work may continue to close the building." Defendant resumed work to cover the top of the house.

On January 11, 2016, the Borough issued to defendant a notice and order of penalty, imposing a $2,500 fine because he continued to work on the house

A-3461-21

after issuance of the November stop construction order. Defendant's attorney contacted the Borough's attorney and explained defendant did the additional work for the purpose of closing the roof of the home.

On January 22, 2016, the Borough's attorney sent defendant's attorney a letter stating, "Highland Park agrees that your client can certainly secure the property by installing immediately sheathing (the base plywood) on the existing new frame of the roof." The next day there was a snowstorm and, because the roof was not complete and the covering over the house was inadequate, snow and ice entered the structure.

After the storm, defendant continued to work on the house. On February 18, 2016, the Borough issued another notice and order of penalty to defendant, imposing a fine of $2,000 because defendant continued to work on the home. When defendant's agent asked Brescher why the order was issued when the Borough's attorney had given defendant permission to "close up the house," Brescher stated the permission pertained only to the days preceding the snowstorm in January.

Defendant appealed the stop construction order and the two penalties to the Middlesex County Construction Board of Appeals (Board). The Board vacated the orders and penalties because there was a question whether defendant

4

had been properly served with the stop construction order, as well as the two notices and penalty orders.

On August 17, 2016, the Borough issued a new stop construction order because defendant did not have at the construction site nor submit to the Construction Office stamped, sealed plans for the construction he intended to perform on his property in violation of N.J.A.C. 5:23-2.16(e) and failed to provide "zoning documentation" pertaining to the addition to the home. The order did not identify the specific zoning documentation the Borough believed defendant was required to produce. The August 2016 order stated the failure to comply with the order may result in the assessment of additional penalties of up to $50 per day.

In November 2016, the Borough filed a verified complaint in the Chancery Division, alleging, among other things, defendant was in violation of the August 2016 stop construction order because he failed to provide the Borough with plans that were drawn to scale and did not obtain a resolution from the Zoning Board approving a height variance. The Borough sought a judgment: (1) enjoining defendant from using and occupying the addition to the home; (2) ordering defendant to vacate the residence and restore the home to its pre-construction condition; and (3) imposing fines on defendant.

5

Defendant filed an answer and counterclaim. He alleged that, in reliance on the Borough approving his permit in June 2013, he performed extensive work on the house for approximately two-and-a-half years. Defendant alleged that after issuance of the November 2015 stop construction order, he worked on the house only for the purpose of protecting it from the weather, as permitted by the Borough.

In his counterclaim, defendant alleged the Borough imposed penalties on him despite having issued the June 2013 permit and given permission to close the top of the property from the elements solely for the purpose of harassing him and devaluing his property. The Borough's actions, defendant alleged, deprived him of substantive due process in violation of 42 U.S.C. §§ 1983 and 1986, and the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-1 to -2. Defendant alleged the Borough's acts caused him severe and permanent injuries, mental pain and anguish, a loss of reputation, disruption of family relations, a loss of past and future income, and other damages. Defendant sought monetary damages, interest, and attorney's fees.[2]

---

[2] Defendant also asserted counterclaims alleging abuse of process, negligent infliction of emotional distress, and intentional infliction of emotional distress. Those claims ultimately were dismissed and are not before this court.

In the fall of 2017, the Borough moved and defendant cross-moved for summary judgment. The principal relief sought by the Borough was an order directing defendant to: (1) remove all construction equipment and debris from the property; (2) restore the roof to its pre-construction height; and (3) cease using the property until there has been a "complete remediation to address the illegal construction." In addition, the Borough sought dismissal of defendant's counterclaims, alleging the condition of the property was created by his violation of the law.

In its motion, the Borough did not seek the $2,000 penalty noted in the August 2016 order or argue defendant's plans were insufficient because they were not stamped or sealed. Instead, the Borough argued it was entitled to relief because defendant failed to submit plans drawn to scale in violation of N.J.A.C. 5:23-2.15(f)(1), making the permit issued to him invalid.

In response, defendant submitted a certification claiming he submitted plans prepared by his son, who is not an architect, to the Borough and afterward, Scott Luthman, the Borough's then-Construction Officer, told him he could "go ahead with construction." According to defendant, Luthman never complained about the construction defendant undertook at the house, even though Luthman was "observing" the property every few weeks. Defendant further certified he

saw a copy of a document in the Borough's Construction Office file indicating the Borough approved the plans he had submitted.

In reply, the Borough submitted a certification by Luthman, who stated defendant never submitted plans "as required." He stated because defendant did not submit the required plans, he permitted defendant only to "begin demolition and that was explained to him by me." It is not clear whether Luthman claims defendant failed to submit plans that were drawn to scale, as required by N.J.A.C. 5:23-2.15(f)(1), or whether defendant did not submit any plans at all.[3]

On November 20, 2017, the trial court entered an order granting the Borough's motion for summary judgment and denying defendant's cross-motion for summary judgment. The court determined defendant failed to submit to the Borough "plans . . . consistent with the [C]ode that would allow [defendant] to continue construction." The court essentially found the plans insufficient because they were not drawn to scale and the deficiency invalidated defendant's permit. Thus, the trial court found, defendant was not permitted to engage in construction of the home.

---

[3] It is undisputed the Borough lost its file on defendant's project. In response to discovery requests, defendant produced the handwritten plans he argues were submitted to the Borough in 2013.

A-3461-21

The November 20, 2017 order directs defendant to fully restore the exterior of the home to its pre-construction condition and remove all exterior scaffolding, construction equipment, and construction debris within thirty days. The order also directs defendant to restore the roof to its pre-construction height and condition within sixty days.

We reversed the November 20, 2017 order. Borough of Highland Park v. Cappell, No. A-1989-17 (App. Div. June 28, 2019). We concluded the trial court's finding that defendant failed to submit a plan that was to scale as required by N.J.A.C. 5:23-2.15(f)(1) was supported by the record. Id. at 10-11. However, we concluded entry of summary judgment in favor of the Borough was premature because discovery was not yet completed and issues of material fact were genuinely in dispute. Id. at 11.

Specifically, we concluded "there are material questions of fact in dispute on the issue whether the Borough should be estopped from disputing the validity of the permit." Id. at 14. We noted a dispute existed with respect to whether Luthman told defendant he could proceed with the planned construction. Id. at 11-12. Defendant argued he reasonably relied on Luthman's approval to proceed with construction for more than two years and the Borough should be estopped from taking action to invalidate the permit and stop construction. Id. at 12. "In

9

addition," we continued, "defendant contends the Borough acted in bad faith when it issued the stop construction orders and imposed penalties, which defendant alleges was, among other things, an abuse of process." Id. at 14.

We also concluded the trial court had not adequately explained its reasons for denying defendant's motion for summary judgment on his counterclaims. Id. at 14-15 (citing R. 1:7-4). We, therefore, vacated the provision in the November 20, 2017 order denying defendant's motion for summary judgment on the counterclaims and remanded for the trial court to "provide to the parties its reasons for denying defendant's motion for summary judgment . . . ." Id. at 15.

On remand, the parties exchanged further discovery and settled the Borough's claims against defendant. In addition, the Borough moved for summary judgment on defendant's remaining counterclaims.

On February 18, 2022, the trial court granted the Borough's motion. In a written decision, the trial court found, even when the evidence is viewed in the light most favorable to defendant, he: (1) failed to establish the Borough's conduct, through its officials, shocks the conscience and, therefore, is a denial of substantive due process under § 1983; (2) did not produce evidence of a conspiracy motivated by race- or class-based discriminatory animus under §

10

1986; and (3) did not produce evidence establishing a violation of NJCRA. A February 18, 2022 order memorialized the trial court's decision.

This appeal follows. Defendant argues: (1) the trial court applied the incorrect standard to his § 1983 claims; (2) even if the shocks-the-conscience standard is applicable to his claims, the trial court erred when it concluded he did not produce evidence on which a jury could find he met that standard; (3) the trial court erred when it concluded he did not establish a claim under the NJCRA; and (4) the record supports entry of summary judgment in his favor on a Fourteenth Amendment claim based on his § 1983 claim.

## II.

We review a grant of summary judgment de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the trial court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

A.    Section 1983.

The Federal Civil Rights Act, 42 U.S.C. § 1983, establishes civil actions for the deprivation of federal constitutional and statutory rights. The statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .
>
> [42 U.S.C. § 1983.]

To prevail on a substantive due process claim under §1983 in the context of municipal land use decisions, a party must first prove they held a constitutionally protected property interest. DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 597 (3d Cir. 1995). Second, they must establish the

government actor's deprivation of that property interest shocks the conscience. Rivkin v. Dover Twp. Rent Leveling Bd., 143 N.J. 352, 366 (1996).

"The Courts of Appeals have routinely utilized the 'shocks the conscience' test in reviewing claims that the actions of officials responsible for passing upon land use and other related applications were so egregiously arbitrary that they violated a property owner's substantive due process rights." Plemmons v. Blue Chip Ins. Servs., 387 N.J. Super. 551, 568-69 (App. Div. 2006) (citing United Artists Theater Cir., Inc. v. Twp. of Warrington, 316 F.3d 392, 399-402 (3d Cir. 2003); PFZ Props., Inc. v. Rodriguez, 928 F.2d 28, 31-32 (1st Cir. 1991), cert. dis., 503 U.S. 257 (1992)). "Under this test, 'rejections of development projects and refusals to issue building permits do not ordinarily implicate substantive due process.'" Id. at 569 (quoting PFZ Props., 928 F.2d at 31); see also Chesterfield Dev. Corp. v. City of Chesterfield, 963 F.2d 1102, 1104-05 (8th Cir. 1992) (holding that municipality's alleged arbitrary enforcement of a zoning ordinance, even in bad faith, would be insufficient to establish a substantive due process violation).

We disagree with defendant's argument, not raised below, that the holding in County of Sacramento v. Lewis, 523 U.S. 833 (1998), issued before our decision in Plemmons and one of the courts of appeals decisions cited therein,

rejects the shocks-the-conscience standard for substantive due process claims under § 1983 in the land use context. To the contrary, Lewis reaffirms the standard and rejects any lesser standard that might make "the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States." Id. at 863-64 (Scalia, J., concurring).

Having carefully reviewed the record, we see no basis on which to reverse the trial court's grant of summary judgment to the Borough. After having had more than two years to complete the construction project on his property, in November 2015, defendant received a stop construction order at a time when the roof of the home was open to the elements. It is undisputed that on December 15, 2015, despite issuance of a stop construction order, the Borough gave defendant permission to cover his property to protect it from the weather.

Nearly a month later, on January 11, 2016, defendant still had not covered his home but was continuing construction on the property. The Borough issued a second stop construction order. On January 22, 2016, when alerted to an impending snowstorm, the Borough reiterated to defendant permission to cover the home. Defendant's last-minute efforts to protect the home proved inadequate.

A-3461-21

There is no evidence for a factfinder to conclude the Borough's actions shock the conscience. The record establishes the Borough's Construction Officer believed defendant had not filed the necessary documents to continue construction on the home. He alerted defendant to his decision on November 22, 2015, and gave him permission to take the steps necessary to protect the home from the elements. A month later, the official still believed the necessary documents had not been filed. He issued a second stop construction order and again gave defendant permission to cover the home. A construction official's issuance of stop construction orders based on his determination a construction project was not compliant with regulations is not behavior that shocks the conscience. These acts are a routine exercise of municipal authority and, in this case, included permission to defendant to take the steps necessary to protect his property.

While defendant may have disagreed with the official's orders, it was defendant's failure to adequately protect the home in the two months after the November 22, 2015 order that resulted in damage to the property in the January 23, 2016 snowstorm. Defendant was free to challenge the notices, but it was incumbent on him to protect his property from the elements while the dispute over the orders was unresolved. Even assuming the stop construction orders

were legally flawed, the record contains no evidence of deliberate behavior by Borough officials to damage defendant's residence by issuing the orders.

B.   NJCRA.

The NJCRA provides in relevant part:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with . . . by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.
>
> [N.J.S.A. 10:6-2(c).]

The Legislature modeled the NJCRA on § 1983. Tumpson v. Farina, 218 N.J. 450, 474 (2014). The NJCRA "is intended to provide what Section 1983 does not: a remedy for the violation of substantive rights found in our State Constitution and laws." Harz v. Borough of Spring Lake, 234 N.J. 317, 330 (2018) (quoting Tumpson, 218 N.J. at 474). See also Perez, 218 N.J. at 212 (holding that the NJCRA "was intended to address potential gaps in remedies available under New Jersey law but not cognizable under the federal civil rights law . . . ."). The NJCRA's "broad purpose" is to "assur[e] a state law cause of

16

action for violations of state and federal constitutional rights and to fill any gaps in state statutory anti-discrimination protection." Owens v. Feigin, 194 N.J. 607, 611 (2008).

Defendant has the burden of identifying both the substantive right of which he has been deprived and the State actor that caused the deprivation. Filgueiras v. Newark Pub. Schs., 426 N.J. Super. 449, 468 (App. Div. 2012). Both NJCRA and § 1983 provide a "means of vindicating substantive rights" created by State or federal Constitutions or laws, but they are "not a source of rights [themselves]." Gormley v. Wood-El, 218 N.J. 72, 97-98 (2014). They are not intended to create substantive rights, but rather to ensure a remedy for violations of existing rights. Tumpson, 218 N.J. at 474-75; Perez, 218 N.J. at 212. Thus, the NJCRA does not list the substantive rights, the deprivation of which may form the basis of a cause of action under the statute. Harz, 234 N.J. at 330.

Defendant concedes his NJCRA claims are based on the same theory as his § 1983 claims. Having found defendant cannot establish Borough officials acted in a manner that shocks the conscience and, therefore, violated § 1983, we agree with the trial court's conclusion the Borough was entitled to summary judgment on defendant's NJCRA claims.

17

To the extent we have not specifically addressed any of defendant's remaining claims, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).[4]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

---

[4] In the February 18, 2022 order, the court granted summary judgment to the Borough on defendant's counterclaim based on § 1986. Defendant does not address § 1986 in his brief. We therefore deem any arguments with respect to that counterclaim waived. "[A]n issue not briefed is deemed waived." Pressler & Verniero cmt. 5 on R. 2:6-2 (2025); Telebright Corp., 424 N.J. Super. at 393.

A-3461-21